ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-May-18  14:07:35
60CV-21-3087
C06D12 : 25 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**JANICE NICOLE HARPER**                                                **PLAINTIFF**

v.                                   **CASE NO.: 60CV-21-_____**

**RODNEY K. DUNN, Individually and in his**
**Official Capacity as an Arkansas State Trooper;**
**ALAN C. JOHNSON, in his Official Capacity as an**
**Arkansas State Trooper and Supervisor of Defendant**
**Rodney K. Dunn; COLONEL WILLIAM J. BRYANT**
**in his Official Capacity as the Director of the**
**ARKANSAS STATE POLICE; & JOHN DOES I-X**                    **DEFENDANTS**

### COMPLAINT & JURY DEMAND

COMES NOW Plaintiff Janice Nicole Harper, by and through her attorney, Andrew Payne Norwood of Denton & Zachary, PLLC, and for her Complaint against Defendant Rodney K. Dunn, Individually and in his Official Capacity as an Arkansas State Trooper, Defendant Alan C. Johnson, in his Official Capacity as an Arkansas State Trooper and Supervisor of Rodney K. Dunn, Defendant Colonel William J. Bryant in his Official Capacity as the Director of the Arkansas State Police, and John Does I-X, and respectfully states as follows:

### I. INTRODUCTION

1.      This action arises out of negligently performed Pursuit Intervention Technique (hereinafter "PIT") maneuver which resulted in a motor vehicle collision that occurred on or about July 9, 2020, wherein Defendant Rodney K. Dunn (hereinafter "Dunn"), in his capacity as an Arkansas State Trooper, negligently performed a PIT maneuver on the vehicle driven by Janice Nicole

Harper (hereinafter "Plaintiff") while Plaintiff was traveling southbound on U.S. Highway 67/167 in Pulaski County, Arkansas. Plaintiff brings this negligence and intentional tort lawsuit under Arkansas law, seeking to be made whole and recover compensatory, actual, consequential, special, and all other damages permitted by law. Plaintiff also brings a federal claim under 42 U.S.C. § 1983 and the Fourteen Amendment of the Constitution of the United States of America, related to Defendants' unconstitutional treatment of Plaintiff during the traffic stop in question.

## II. **PARTIES & JURISDICTION**

2.     At all times relevant to this Complaint, Plaintiff was and continues to be a resident and citizen of Pulaski County, Arkansas.

3.     Upon information and belief, Defendant Rodney K. Dunn is an Arkansas resident and can be served at his place of employment, 1 State Police Plaza Drive, Little Rock, Arkansas 72209.

4.     Upon information and belief, Defendant Alan C. Johnson (hereinafter "Johnson") is an Arkansas resident and can be served at his place of employment, 1 State Police Plaza Drive, Little Rock, Arkansas 72209.

5.     Upon information and belief, Defendant Colonel Bill Bryant (hereinafter "Arkansas State Police") is an Arkansas resident and can be served at his place of employment, 1 State Police Plaza Drive, Little Rock, Arkansas 72209. The Arkansas State Police, at all times relevant herein, was conducting and doing business in Pulaski County, Arkansas. The Arkansas State Police was the employer of Defendant Dunn and controlled Defendant Dunn's actions as an

Arkansas State Trooper. Accordingly, the Arkansas State Police is responsible and vicariously liable for the negligent acts and omissions of its employees, including Defendant Dunn, as hereafter described, under the doctrine of *respondeat superior*.

6.      Separate Defendant John Does I-X, to the best of the Plaintiff's information and belief, are individuals and/or companies and/or entities who controlled the course and scope of Defendant Dunn's actions on July 9, 2020 during the negligently performed PIT maneuver in question, were responsible for coming up with the policy, procedure, and/or criteria for the PIT maneuver used by Defendant Dunn on July 9, 2020, teaching Defendant Dunn the PIT maneuver used by Defendant Dunn on July 9, 2020, and authorizing the negligently performed PIT maneuver used by Defendant Dunn on July 9, 2020. The John Doe parties are unknown to Plaintiff and her attorneys at this time. *See* Affidavit of Counsel, filed with this complaint pursuant to Ark. Code. Ann. § 16-56-125, attached hereto as **Exhibit A**.

7.      This Court has Jurisdiction pursuant to Ark. Const. art. 7, § 11, which says that circuit courts shall jurisdiction in all civil cases; and pursuant to Ark. Code Ann § 16-13-201(a), which says that circuit courts shall have original jurisdiction of all actions and proceeding for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

8.      Further, jurisdiction is proper in circuit court in the State of Arkansas because the claims in this lawsuit involve primarily Arkansas state law

claims. Upon information and belief, Plaintiff and Defendants are Arkansas residents and citizens, thus, there is no federal diversity jurisdiction.

9.     Venue is proper in Pulaski County, Arkansas, in that it is (1) the County in which a substantial part of the event or omissions giving rise to cause of action occurred; (2) upon information and belief is the County in which an individual defendant resided at the time of the event or omission giving rise to the cause of action; and (3) the County in which the plaintiffs resided at the time of the event or omission giving rise to the cause of action.

### III.     STATEMENT OF FACTS

10.     On July 9, 2020, at approximately 9:00 p.m., Plaintiff, who was pregnant at the time, was traveling southbound on U.S Highway 67/67 in the middle lane of travel.

11.     Defendant Dunn, who was acting in the course and scope of his employment with the Arkansas State Police at the time, allegedly clocked Plaintiff driving 84 m.p.h. in a 70 m.p.h. zone and proceeded to activate his emergency lights to initiate a traffic stop on Plaintiff's vehicle.

12.     Within four (4) seconds of Defendant Dunn initiating his Arkansas State Police patrol cruiser overhead lights, Plaintiff turned on her blinker, dropped her speed to approximately 60 m.p.h., and moved Plaintiff's vehicle into the right lane of travel on U.S Highway 67/67 southbound.

13.     Plaintiff was unable to safely stop her vehicle on the right or left shoulder due to concrete barriers and a reduced shoulder being on both sides of the road; therefore, leaving the Plaintiff with no room to safely pull over her car.

14.     Within fourteen (14) seconds of Defendant Dunn initiating his Arkansas State Police patrol cruiser overhead lights, Defendant Dunn floored his Arkansas State Police patrol cruiser to get less than a car length away from the rear of Plaintiff's vehicle while pointing his Arkansas State Police patrol cruiser spotlight in Plaintiff's rearview mirror.

15.     Within fifteen (15) seconds of Defendant Dunn initiating his Arkansas State Police patrol cruiser overhead lights, Plaintiff activated her vehicle's emergency flashers to indicate to Defendant Dunn that Plaintiff was seeking a safe place to stop her vehicle.

16.     Within nineteen (19) seconds of Defendant Dunn initiating his Arkansas State Police patrol cruiser overhead lights, Defendant Dunn initiated the siren on his Arkansas State Police patrol cruiser.

17.     There were no exits or shoulder for Plaintiff to safely exit the highway, before Defendant Dunn negligently executed a PIT maneuver on Plaintiff's vehicle two (2) minutes and seven (7) seconds after Defendant Dunn initiated his Arkansas State Police patrol cruiser overhead lights, which caused Plaintiff's vehicle to flip.

18.     Once Defendant Dunn initiated the overhead lights on his his Arkansas State Police patrol cruiser, Plaintiff reduced her speed to well below the speed limit of 70 m.p.h., turned on her vehicle's emergency flashers, and diligently looked for a safe spot to park her vehicle for her encounter with Defendant Dunn, for this Defendant Dunn executed a negligently performed PIT

maneuver which flipped the Plaintiff's vehicle and placed her life and the life of her unborn child at risk.

19.     Upon information and belief, the Arkansas State Police is a self-insured entity pursuant to Arkansas Code Annotated § 21-9-303.

20.     That Arkansas Code Annotated § 21-9-303 provides that self-ensured entities are responsible and liable for damages, to the extent of the prescribed minimum insurance coverage amounts found in the Motor Vehicle Safety Responsibility Act § 27-19-101; operating as a de facto uninsured motorist insurance contract, by way of statutorily authorized direct action against the political subdivision in question.

21.     Plaintiff has a direct cause of action against the Arkansas State Police, despite the existence or non-existence of the de facto contract in question, pursuant to Arkansas Code Annotated § 21-9-303.

22.     Due to the negligently performed PIT maneuver in question by Defendant Dunn, Plaintiff suffered severe bodily injures as her vehicle was flipped.

## IV. CAUSES OF ACTION

### Count I – Direct and Vicarious Liability for Defendants Alan C. Johnson & William J. Bryant in his Official Capacity as the Director of the Arkansas State Police

19.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

20.     Defendant Dunn's supervisor Defendant Johnson and employer, the Arkansas State Police, had a direct, affirmative non-delegable duty to ensure

Defendant Dunn safely operated his vehicle on interstate highways in a reasonably prudent manner and with the highest degree of care.

21.    At all relevant times, Defendant Dunn was acting as an agent/employee/servant in the scope and course of his employment with the Arkansas State Police, subject to its direction and control while furthering their business interests.

22.    Defendant Dunn's supervisor, Defendant Johnson, and employer, the Arkansas State Police, are affirmatively negligent and directly and vicariously liable, under the doctrine of *respondeat superior* and imputed conduct, for the conduct of its agent and employee in the course and scope of his employment.

23.    Defendant Dunn, an agent and employee of the Arkansas State Police, was tasked by Defendant Dunn's supervisor at the time, Defendant Johnson, to drive an Arkansas State Police patrol cruiser on the streets of Arkansas to further the Arkansas State Police's business interests.

24.    The acts and omissions of Defendant Dunn are directly imputed to his employer and principle, the Arkansas State Police. Defendant Dunn's negligent and careless acts and omissions occurred while he was in the scope and course of his employment and in furtherance of the business interests of the Arkansas State Police on the public roads and interstate highways in the State of Arkansas.

25.    Upon information and belief, Defendant Johnson and the Arkansas State Police failed to train, supervise, monitor, and/or control its employees,

including Defendant Dunn, regarding the rules, regulations, procedures and policies applicable to the proper application of PIT maneuver during a traffic stop.

26.     Defendant Johnson and the Arkansas State Police failed to have policies and/or procedures in place to prevent their employees, including Defendant Dunn, from operating Arkansas State Police patrol cruiser in a negligent and/or reckless manner.

27.     Defendant Johnson and the Arkansas State Police, through their actions and inactions, adopted a policy in which it allowed and encouraged, rather than discouraged, Defendant Dunn to drive in the negligent and reckless manner in which Defendant Dunn was driving at the time that he collided with Plaintiff.

28.     Defendant Johnson and the Arkansas State Police was willful and wanton in their conduct, and had notice or could have foreseen that Defendant Dunn would act willfully, wantonly, or with conscience indifference to the safety of individuals traveling on the roads of Arkansas, including Plaintiff.

29.     As a direct and proximate result of the acts and omissions of Defendants Dunn, as described above, Plaintiff was suffered bodily injury and Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

### Count II – Direct and Affirmative Negligence of Defendant Rodney K. Dunn

30.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

31.     Defendant Dunn, in the scope and course of his employment and in furtherance of the business interests of the Arkansas State Police, was directly and affirmatively careless and negligent, including, but not limited to, the following particulars:

a. Failing to properly and safely execute the PIT maneuver in question;

b. Failing to obey the "rules of the road" in violation of the common law of Arkansas;

c. Failing to exercise the degree of care that an ordinary prudent person would exercise under the facts and circumstances as they existed at the time of the accident; and

d. Failing to operate a motor vehicle upon roadways in such a way as to avoid injuring or killing someone, in violation of the common law of Arkansas.

32.     It was foreseeable that the failure of Defendants Dunn, while in the scope and course of his employment and in furtherance of the business interests of the Arkansas State Police, to operate Defendant Dunn's Arkansas State Police patrol cruiser in a reasonably prudent and safe manner, would present and cause an appreciable risk of serious harm or danger to other public users and travelers on the interstate and intrastate highway systems, including Plaintiff.

33.     As a direct and proximate result of the acts and omissions of Defendants Dunn, Defendant Johnson, and the Arkansas State Police, as described above, Plaintiff was suffered bodily injury and Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

### *Count III – Assault by Separate Defendant Rodney K. Dunn*

34.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

35.     At all times alleged herein, Plaintiff had the right to protection of her mind and body.

36.     Separate Defendant Dunn's conduct constituted an intentional attempt to do injury to Plaintiff by force or violence.

37.     Separate Defendant Dunn's committed threatening gestures and/or maneuvers with Defendant Dunn's Arkansas State Police patrol cruiser with the intent to cause apprehension of imminent physical injury.

38.     Separate Defendant Dunn's conduct created a reasonable apprehension of imminent physical injury and immediate harmful or offensive contact upon Plaintiff.

39.     Separate Defendant Dunn's intended to cause Plaintiff to have apprehension of imminent physical injury and immediate harmful or offensive contact.

40.     The injuries suffered by Plaintiff were inflicted while Plaintiff was presenting no immediate threat to anyone.

41.     Separate Defendant Dunn's conduct on July 9, 2020 was tantamount to the criminal offense of Assault in the Third Degree, pursuant to Arkansas Code Annotated § 5-13-207.

42.     Separate Defendant Dunn's conduct constituted a reckless attempt to engage in conduct that created substantial risk of physical injury to Plaintiff.

43.    Separate Defendant Dunn's conduct on July 9, 2020 was tantamount to the criminal offense of Assault in the Second Degree, pursuant to Arkansas Code Annotated § 5-13-206.

44.    Separate Defendant Dunn's conduct constituted an intentional attempt to do injury to Plaintiff by force or violence resulting in serious injury or death.

45.    Separate Defendant Dunn's conduct on July 9, 2020 was tantamount to the criminal offense of Assault in the First Degree, pursuant to Arkansas Code Annotated § 5-13-205.

46.    Separate Defendant Dunn's intentional acts were a proximate cause and result of injuries sustained by Plaintiff.

47.    As a direct and proximate result of the willful, wanton, malicious, and intentional actions of Separate Defendant Dunn, Plaintiff suffered bodily injuries, mental anguish, humiliation, and embarrassment, and Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

### *Count IV – Battery by Separate Defendant Rodney K. Dunn*

48.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

49.    Separate Defendant Dunn's conduct as alleged herein constituted unconsented, wrongful, offensive, and unjustified contact with Plaintiff.

50.    Separate Defendant Dunn's physical contact with Plaintiff was intentional in nature and intended to cause serious physical injury by means of harmful or offensive contact with Plaintiff.

51.    The serious physical injuries suffered by Plaintiff were inflicted by Defendant Dunn while Plaintiff presented no immediate harmful or offensive contact to Defendant, or any other individual.

52.    Separate Defendant Dunn's actions were meant to cause physical injury and harm to Plaintiff and to offend the personal dignity of a reasonable person.

53.    Separate Defendant Dunn's conduct constitutes the tort of battery and the criminal offense of Battery in the Third Degree, pursuant to Arkansas Code Annotated § 5-13-203(a).

54.    Separate Defendant Dunn's conduct constitutes the tort of battery and the criminal offense of Battery in the Second Degree, pursuant to Arkansas Code Annotated § 5-13-202(a).

55.    Separate Defendant Dunn's conduct constitutes the tort of battery and the criminal offense of Battery in the First Degree, pursuant to Arkansas Code Annotated § 5-13-201(a).

56.    As a direct and proximate result of the willful, wanton, malicious, and intentional actions of Separate Defendant Dunn, Plaintiff suffered bodily injuries, mental anguish, humiliation, and embarrassment, and Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

### *Count V – Outrage by Separate Defendant Rodney K. Dunn*

57.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

58.     Separate Defendant Dunn willfully and wantonly engaged in extreme and outrageous conduct towards Plaintiff.

59.     This conduct proximately caused damage to Plaintiff in the form of physical injuries and emotional distress.

60.     Separate Defendant Dunn knew or should have known in light of the surrounding circumstances that his conduct would naturally and probably result in emotional distress and bodily harm to Plaintiff.

61.     Despite knowing Defendant Dunn's conduct, including ramming Plaintiff's vehicle until Plaintiff's vehicle rolled over, was so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

62.     Separate Defendant Dunn's conduct is even more outrageous in the light that Defendant Dunn knew him ramming Plaintiff's vehicle until Plaintiff's vehicle rolled over was being recorded on his dash cam, and Separate Defendant proceeded to flip Plaintiff's car anyway.

63.     Separate Defendant Dunn's intentional, willful, malicious, and intolerable actions, caused and continue to cause Plaintiff to suffer mental anguish and emotional distress, including, but not limited to, extremely unpleasant mental humiliation, distress of the mind, chagrin, disappointment, and physical injuries of the type that no reasonable person should be expected to endure, and Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

### *Count VI – Malicious Prosecution by Separate Defendant Rodney K. Dunn*

64.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

65.     Defendant Dunn caused criminal charges – namely Failure to Yield to Emergency Vehicle allegedly in violation of Arkansas Code Annotated § 27-51-901 – to be filed against the Plaintiff, without probable cause.

66.     There was no reasonable basis to support the filing of any charges against the Plaintiff related to Failure to Yield to Emergency Vehicle. Accordingly, Defendant Dunn has engaged in a malicious prosecution and abuse of the process.

67.     Defendant Dunn had Plaintiff charged with Failure to Yield to Emergency Vehicle because it was not safe for Plaintiff to stop in the middle of the road, on a highway, at night, despite the fact that Plaintiff activated Plaintiff's emergency flashers to indicate to Defendant Dunn that Plaintiff was seeking a safe place to stop her vehicle once Defendant Dunn activated his emergency lights on his Arkansas State Police patrol cruiser.

68.     Defendant Dunn took these actions because Defendant Dunn did not know better. The Arkansas State Police failed to train Defendant Dunn in the appropriate manner of initiating a traffic stop on a road with an extremely reduced shoulder and the Arkansas State Police failed to train Defendant Dunn in proper and safe PIT maneuver technique.

69.     As a direct and proximate cause of Defendant Dunn's intentional actions, Plaintiff has suffered severe mental and emotional distress, lost work,

incurred attorney costs, and incurred other expenses in an amount to be proven at trial.

70.     The Defendant should be held liable for punitive damages, since the Defendant acted with deliberate indifference to Plaintiff's State and Federal Constitutional rights. The Defendant should be liable for individual and punitive damages in his individual and official capacity under State law.

### Count VII – Violation of 42 U.S.C. § 1983 Related to the Excessive Force of Defendant Rodney K. Dunn

71.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

72.     Plaintiff makes a claim under 42 USC § 1983 for violation of the Fourth Amendment of the U.S. Constitution.

73.     The Fourth Amendment does not permit Defendants to use excessive force. *See Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013) ("The right to be free from excessive force in the context of an arrest is clearly established under the Fourth Amendment.").

74.     Claims of excessive force in the course of making a seizure of the person – while implementing a PIT maneuver in the process – is properly analyzed under the Fourth Amendment's objective reasonableness standard. *See Scott v. Harris*, 550 U.S. 372, 381 (2007).

75.     "Circumstances relevant to the reasonableness of the officer's conduct include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively

resisting arrest or attempting to evade arrest by flight.'" *See Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009) (citation omitted).

76.    On July 9, 2020, Plaintiff had a clearly-established constitutional right to be free from excessive force.

77.    The Defendant Dunn's use of force against Plaintiff was not reasonable under the circumstances, and was excessive.

78.    Plaintiff did not pose any threat to Defendant Dunn, other officers, or any civilians at the time of incident in question.

79.    Defendant Dunn knew or reasonably should have known of the danger Defendant Dunn placed Plaintiff into on July 9, 2020 during Defendant Dunn's assault and battery.

80.    Defendant Dunn negligently executed a PIT maneuver on Plaintiff's vehicle two (2) minutes and seven (7) seconds after Defendant Dunn initiating his Arkansas State Police patrol cruiser overhead lights and while Plaintiff was going well below the speed limits with Plaintiff's emergency flashers on in the right lane, which caused Plaintiff's vehicle to flip, which was so dangerous that Defendant Dunn knew or reasonably should have known that such an action could result in injuries to Plaintiff.

81.    The actions of Defendant Dunn constituted clear excessive force.

82.    Upon information and belief, the Arkansas State Police have been sued before for excessive force violations related to PIT maneuvers. And the Arkansas State Police failed to properly investigate or take corrective action to prevent these types of excessive force violations from happening again.

83.     Defendant Dunn's actions deprived Plaintiff of her right to be free from excessive force and they were motivated by an unconstitutional enforced policy, pattern of practice, and/or custom by the Arkansas State Police. Upon information and belief, the Arkansas State Police did not enforce its excessive force policies

84.     All Defendants were state actors acting under the color of state law.

### *Count VIII – Violation of 42 U.S.C. § 1983 by Arkansas State Police*

85.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

86.     Governmental bodies are liable for constitutional violations under 42 U.S.C. § 1983 when execution of its official policy or custom deprives an individual of its rights protected under the Constitution. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 685, 694-95 (1978).

87.     Such governmental liability exists where a governmental entity fails to properly train, supervise, and discipline its employees amounting in a deliberate indifference to one's constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989); *see also Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir. 1985).

88.     At all times relevant, the Arkansas State Police had a duty to properly train, supervise, and discipline their employees and agents.

89.     The Arkansas State Police breached that duty, by, including but not limited to:

a. Improperly training, authorizing, encouraging, and/or directing officers on proper use of force;

b. Failing to investigate allegations of excessive force; and/or

c. Failing to discipline officers for violations of policy related to excessive force.

90. The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendant Dunn and the Arkansas State Police's failure to properly train, supervise, investigate, and discipline Defendant Dunn, which shows a deliberate indifference to Plaintiff's constitutional rights.

91. This unconstitutional behavior of Arkansas State Police Trooper is carried out pursuant to a policy, pattern of practice, or custom, whether formal or informal, which violates the constitutional rights of persons situated such as the Plaintiff.

92. Defendant Johnson and Defendant Bryant failed to take sufficient remedial actions to end this policy, pattern of practice, and/or custom within the Arkansas State Police.

93. The condoning of misconduct, and the failure to end this policy, pattern of practice, and/or custom by Defendant Johnson and Defendant Bryant was a proximate cause to the injuries suffered by Plaintiff.

94. Wherefore, as a direct and proximate cause of the actions of the Defendant Johnson, Defendant Bryant, and the Arkansas State Police, Plaintiff

has suffered bodily injury and Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction.

### COUNT IX – Violation of the Fourteen Amendment of the U.S. Constitution

95.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

96.   Plaintiff had a clearly established right to be free from arrest without probable cause under the Fourth Amendment and the Arkansas Constitution.

97.   The Arkansas State Police failed to train its officers – including Defendant Dunn – in the appropriate probable cause necessary to arrest an American citizen.

98.   Therefore, Defendant violated Plaintiff's State and Federal Constitutional Rights to be free from unreasonable search and seizure.

99.   As a direct and approximate cause of Defendant's intentional actions, Plaintiff has suffered severe mental and emotional distress, lost work, incurred attorney costs, and incurred other expenses in an amount to be proven at trial.

100.   The Defendant should be held liable for punitive damages under Federal law, since the Defendant acted with deliberate indifference to Plaintiff's State and Federal Constitutional rights. The Defendant should be liable for individual and punitive damages in his individual and official capacity under State law.

## V. <u>CAUSATION</u>

101. Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

102. As a direct and proximate result of the negligence and tortious acts and/or omissions alleged herein, Plaintiff suffered injuries and damages as set forth herein, for which Plaintiff is entitled to compensation.

## VI. <u>DAMAGES</u>

103. Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

104. Plaintiff is entitled to the following measures of damages:

a. The nature, extent, duration, and permanency of her injuries;

b. The full extent of the injuries she sustained;

c. The expense of the medical care, treatment, and services received, including transportation, board, and lodging expenses that have been received or reasonable may be received in the future;

d. Pain, suffering, embarrassment, humiliation, and mental anguish experienced in the past, present, and reasonably expected to be experienced in the future;

e. Loss of enjoyment of life or hedonic damages;

f. The visible results of any scarring and/or disfigurement;

g. The value of any earnings, profits, or salary lost in the past, present, or that will reasonably be lost in the future;

h. Personal property loss and consequential damages.

105.   The injuries and damages described herein have been suffered in the past and/or are reasonably expected to be suffered in the future.

106.   Additionally, Defendant Dunn's behavior and conduct constitutes a felony under Arkansas law, which entitles Plaintiff to recover costs and attorney fees under Arkansas law in addition to any other remedies in law or equity pursuant to Arkansas Code Annotated § 16-118-107.

## VII.   **PUNITIVE DAMAGES**

107.   Plaintiff re-alleges and incorporates by reference the preceding paragraphs in this Complaint as though stated herein word-for-word.

108.   Plaintiff seeks punitive damages for Defendant Dunn's reckless, malicious, knowing, and intentional acts and/or omissions. Defendant Dunn acted in such a reckless, malicious, and/or deliberate manner from which malice may be inferred and Defendant Dunn knew or should have been known that his conduct would naturally and probably result in damage to Plaintiff.

109.   Separate Defendant Dunn's continued such conduct under circumstances in conscious and/or deliberate disregard to the consequences to Plaintiff, from which malice may be inferred.

110.   Punitive damages are needed to punish Defendant Dunn and deter Defendant Dunn, and other similarly situated individuals, from similar conduct in the future.

## VIII.   **DEMAND AND PRAYER FOR RELIEF**

111.   Plaintiff respectfully requests a jury trial on issues herein.

112.   Plaintiff specifically reserves the right to amend Plaintiff's *Complaint & Jury Demand* to conform to proof.

113. Plaintiff specifically reserves the right to file additional and supplemental pleadings after further investigation and discovery and additional facts are ascertained.

WHEREFORE, premises considered, Plaintiff hereby prays and respectfully requests for the following: (1) an award of damages, including, but not limited to, actual, compensatory, special, consequential, and punitive damages exceeding $100,000.00, and a joint and several judgment be entered against Defendants for all damages caused by Defendants, and sufficient to fully compensate Plaintiff for her injuries and losses suffered because of Defendants' conduct; (2) for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; (3) for reasonable expenses, attorney fees, and costs; and (4) for all other proper relief which the Court may determine Plaintiff may be legally, equitably, or otherwise so entitled.

Respectfully Submitted,

Andrew Payne Norwood, ABN #2017107
Joe Denton, ABN #2012167
Justin Zachary, ABN #2010162
Denton & Zachary, PLLC
2100 Riverdale Road, Suite 200-A
Little Rock, Arkansas 72202
Phone:      501-358-4999
Fax:          501-358-4737
Email: andrew@dentonandzachary.com

joe@dentonandzachary.com
justin@dentonandzachary.com

*Attorneys for Plaintiff*

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

**JANICE NICOLE HARPER**                                                          **PLAINTIFF**

**v.**                              **CASE NO.: 60CV-21-_____**

**RODNEY K. DUNN, Individually and in his**
**Official Capacity as an Arkansas State Trooper;**
**ALAN C. JOHNSON, in his Official Capacity as an**
**Arkansas State Trooper and Supervisor of Defendant**
**Rodney K. Dunn; COLONEL WILLIAMS J. BRYANT**
**in his Official Capacity as the Director of the**
**ARKANSAS STATE POLICE; & JOHN DOES I-X**                    **DEFENDANTS**

## AFFIDAVIT OF COUNSEL

I, Andrew Payne Norwood, Plaintiff's attorney, pursuant to Ark. Code Ann. § 16-56-125(c), submit this affidavit in support of the Complaint, filed contemporaneously herewith. I solemnly swear the following facts and information are true and correct to the best of my information and belief:

1.    I am one of the attorneys for the Plaintiff in this matter.

2.    Neither I nor my client know the identities of the John Doe designations set forth in the pleading.

3.    Upon determining the identity of the unknown parties responsible for the injuries and damages sustained by Plaintiff and the decedent, I will timely amend the Complaint and specifically designate the names of the unknown parties.

4.    This Affidavit is filed in accordance with Ark. Code Ann. § 16-56-125.

**FURTHER AFFIANT SAYETH NOT.**

Page **1** of **2**

# EXHIBIT A

Andrew Payne Norwood, ABN #2017107
Joe Denton, ABN #2012167
Justin Zachary, ABN #2010162
Denton & Zachary, PLLC
2100 Riverdale Road, Suite 200-A
Little Rock, Arkansas 72202
Phone:       501-358-4999
Fax:         501-358-4737
Email:       andrew@dentonandzachary.com
             joe@dentonandzachary.com
             justin@dentonandzachary.com

STATE OF ARKANSAS        )
                         )       ss.
COUNTY OF PULASKI        )


SUBSCRIBED AND SWORN TO before me, a Notary Public, this 18th day of May 2021.

CHRISTINA HEAD
Notary Public-Arkansas
Pulaski County
My Commission Expires 02-18-2031
Commission # 12713466

SEAL

Notary Public

2-18-2031

My Commission Expires