ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Jun-23  11:19:25
60CV-21-3087
C06D12 : 17 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
TWELFTH DIVISION

JANICE NICOLE HARPER                                                          PLAINTIFF

v.                              CASE NO. 60CV-21-3087

RODNEY K. DUNN, Individually and in his
Official Capacity as an Arkansas State
Trooper; ALAN C. JOHNSON, in his Official
Capacity as an Arkansas State Trooper and
Supervisor of Defendant Rodney K. Dunn;
COLONEL WILLIAM J. BRYANT, in his
Official Capacity as the Director of the
ARKANSAS STATE POLICE; &
JOHN DOES I-X                                                                 DEFENDANTS

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Rodney K. Dunn, individually and in his official capacity as an Arkansas State Trooper, Alan C. Johnson, in his official capacity as an Arkansas State Trooper, and Colonel William J. Bryant, in his official capacity as Director of the Arkansas State Police, for their Answer to Plaintiff's Complaint, state:

1.      Defendants admit that this action arises out of a Pursuit Intervention Technique ("PIT") performed by Trooper Dunn on or about July 9, 2020, on a vehicle driven by Plaintiff Janice Nicole Harper while she was traveling southbound on U.S. Highway 67/167 in Pulaski County, Arkansas, that resulted in a motor vehicle collision. Defendants admit that Plaintiff brings claims under Arkansas and federal

1

law but deny that she is entitled to any of the relief she seeks. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of Plaintiff's Complaint are not directed at Defendants and, therefore, no affirmative response is required.

3. Defendants admit the allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendants admit the allegations in the first and second sentences of Paragraph 5 of Plaintiff's Complaint. Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6. The allegations in Paragraph 6 of Plaintiff's Complaint are not directed at Defendants and, therefore, no affirmative response is required.

7. The allegations in Paragraph 7 state legal conclusions to which no affirmative response is required.

8. The allegations in Paragraph 8 state legal conclusions to which no affirmative response is required.

9. The allegations in Paragraph 9 state legal conclusions to which no affirmative response is required.

10. The allegations in Paragraph 10 are not directed at Defendants and, therefore, no affirmative response is required.

11. Defendants admit the allegations in Paragraph 11 of Plaintiff's Complaint.

12. On information and belief, Defendants admit the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendants admit that Trooper Dunn flashed a spotlight on Plaintiff's vehicle. Defendants deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendants admit that Plaintiff activated her vehicle's emergency flashers as alleged in Paragraph 15 of Plaintiff's Complaint. Defendants deny the remaining allegations in Paragraph 15.

16. On information and belief, Defendants admit the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendants admit that Trooper Dunn executed a PIT maneuver over two (2) minutes after Plaintiff refused to pull over. Defendants deny the remaining allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations in Paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

21. Paragraph 21 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

22. Defendants deny the allegations in Paragraph 22 of Plaintiff's Complaint.

23. In response to what is labeled as a second Paragraph 19 of Plaintiff's Complaint,[1] Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

24. The second Paragraph 20 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

25. The second Paragraph 21 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

26. Defendants deny the allegations in the second Paragraph 22 of Plaintiff's Complaint.

27. Defendants admit that Trooper Dunn was on duty working as an Arkansas State Police Trooper during the events at issue in this case as alleged in Paragraph 23 of the Complaint.

28. Defendants deny that Trooper Dunn committed "negligent and careless acts and omissions" as alleged in Paragraph 24 of Plaintiff's Complaint. The

---

[1] For ease of reference, this Answer will refer to the paragraphs as numbered in Plaintiff's Complaint.

remaining allegations in Paragraph 24 state legal conclusions to which no affirmative response is required.

29. Defendants deny the allegations in Paragraph 25 of Plaintiff's Complaint.

30. Defendants deny the allegations in Paragraph 26 of Plaintiff's Complaint.

31. Defendants deny the allegations in Paragraph 27 of Plaintiff's Complaint.

32. Defendants deny the allegations in Paragraph 28 of Plaintiff's Complaint.

33. In response to Paragraph 29 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction but deny that she is entitled to the relief she seeks. Defendants deny the remaining allegations in Paragraph 29.

34. In response to Paragraph 30 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

35. Defendants deny the allegations in Paragraph 31 of Plaintiff's Complaint, including subparagraphs (a) through (d) thereof.

36. Defendants deny the allegations in Paragraph 32 of Plaintiff's Complaint.

37. Defendants deny the allegations in Paragraph 33 of Plaintiff's Complaint.

38. In response to Paragraph 34 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

39. Paragraph 35 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

40. Defendants deny the allegations in Paragraph 36 of Plaintiff's Complaint.

41. Defendants deny the allegations in Paragraph 37 of Plaintiff's Complaint.

42. Defendants deny the allegations in Paragraph 38 of Plaintiff's Complaint.

43. Defendants deny the allegations in Paragraph 39 of Plaintiff's Complaint.

44. Defendants deny the allegations in Paragraph 40 of Plaintiff's Complaint.

45. Defendants deny the allegations in Paragraph 41 of Plaintiff's Complaint.

46. Defendants deny the allegations in Paragraph 42 of Plaintiff's Complaint.

47. Defendants deny the allegations in Paragraph 43 of Plaintiff's Complaint.

48. Defendants deny the allegations in Paragraph 44 of Plaintiff's Complaint.

49. Defendants deny the allegations in Paragraph 45 of Plaintiff's Complaint.

50. Defendants deny the allegations in Paragraph 46 of Plaintiff's Complaint.

51. Defendants deny the allegations in Paragraph 47 of Plaintiff's Complaint.

52. In response to Paragraph 48 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

53. Defendants deny the allegations in Paragraph 49 of Plaintiff's Complaint.

54. Defendants deny the allegations in Paragraph 50 of Plaintiff's Complaint.

55. Defendants deny the allegations in Paragraph 51 of Plaintiff's Complaint.

56. Defendants deny the allegations in Paragraph 52 of Plaintiff's Complaint.

57. Defendants deny the allegations in Paragraph 53 of Plaintiff's Complaint.

58. Defendants deny the allegations in Paragraph 54 of Plaintiff's Complaint.

59. Defendants deny the allegations in Paragraph 55 of Plaintiff's Complaint.

60. In response to Paragraph 56 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction but deny that she is entitled to the relief she seeks. Defendants deny the remaining allegations in Paragraph 56.

61. In response to Paragraph 57 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

62. Defendants deny the allegations in Paragraph 58 of Plaintiff's Complaint.

63. Defendants deny the allegations in Paragraph 59 of Plaintiff's Complaint.

64. Defendants deny the allegations in Paragraph 60 of Plaintiff's Complaint.

65. Defendants deny the allegations in Paragraph 61 of Plaintiff's Complaint.

66. Defendants deny the allegations in Paragraph 62 of Plaintiff's Complaint.

67. In response to Paragraph 63 of Plaintiff's Complaint, Defendants admit that Plaintiff seeks compensation in excess of the amount required for federal diversity jurisdiction but deny that she is entitled to the relief she seeks. Defendants deny the remaining allegations in Paragraph 63.

68. In response to Paragraph 64 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

69. Defendants deny the allegations in Paragraph 65 of Plaintiff's Complaint.

70. Defendants deny the allegations in Paragraph 66 of Plaintiff's Complaint.

71. Defendants deny the allegations in Paragraph 67 of Plaintiff's Complaint.

72. Defendants deny the allegations in Paragraph 68 of Plaintiff's Complaint.

73. Defendants deny the allegations in Paragraph 69 of Plaintiff's Complaint.

74. Defendants deny the allegations in Paragraph 70 of Plaintiff's Complaint.

75. In response to Paragraph 71 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

76. Defendants admit that Plaintiff makes a claim under 42 U.S.C. § 1983 for an alleged violation of the Fourth Amendment of the U.S. Constitution but deny that she is entitled to the relief she seeks.

77. Paragraph 73 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

78. Paragraph 74 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

79. In response to Paragraph 75 of Plaintiff's Complaint, Defendants state that the quoted Eighth Circuit opinion speaks for itself.

80. Paragraph 76 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

81. Defendants deny the allegations in Paragraph 77 of Plaintiff's Complaint.

82. Defendants deny the allegations in Paragraph 78 of Plaintiff's Complaint.

83. Defendants deny the allegations in Paragraph 79 of Plaintiff's Complaint.

84. Defendants deny the allegations in Paragraph 80 of Plaintiff's Complaint.

85. Defendants deny the allegations in Paragraph 81 of Plaintiff's Complaint.

86. Upon information and belief, Defendants admit that Arkansas State Police Troopers have been sued in the past related to PIT maneuvers. Defendants deny the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

87. Defendants deny the allegations in Paragraph 83 of Plaintiff's Complaint.

88. Paragraph 84 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

89. In response to Paragraph 85 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

90. Paragraph 86 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

91. Paragraph 87 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

92. Defendants admit the allegations in Paragraph 88 of Plaintiff's Complaint.

93. Defendants deny the allegations in Paragraph 89 of Plaintiff's Complaint, including subparagraphs (a) through (c) thereof.

94. Defendants deny the allegations in Paragraph 90 of Plaintiff's Complaint.

95. Defendants deny the allegations in Paragraph 91 of Plaintiff's Complaint.

96. Defendants deny the allegations in Paragraph 92 of Plaintiff's Complaint.

97. Defendants deny the allegations in Paragraph 93 of Plaintiff's Complaint.

98. Defendants deny the allegations in Paragraph 94 of Plaintiff's Complaint.

99. In response to Paragraph 95 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

100. Paragraph 96 of Plaintiff's Complaint states legal conclusions to which no affirmative response is required.

101. Defendants deny the allegations in Paragraph 97 of Plaintiff's Complaint.

102. Defendants deny the allegations in Paragraph 98 of Plaintiff's Complaint.

103. Defendants deny the allegations in Paragraph 99 of Plaintiff's Complaint.

104. Defendants deny the allegations in Paragraph 100 of Plaintiff's Complaint.

105. In response to Paragraph 101 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

106. Defendants deny the allegations in Paragraph 102 of Plaintiff's Complaint.

107. In response to Paragraph 103 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

108. Defendants deny the allegations in Paragraph 104 of Plaintiff's Complaint, including subparagraphs (a) through (h) thereof.

109. Defendants deny the allegations in Paragraph 105 of Plaintiff's Complaint.

110. Defendants deny the allegations in Paragraph 106 of Plaintiff's Complaint.

111. In response to Paragraph 107 of Plaintiff's Complaint, Defendants restate and incorporate by reference the preceding paragraphs of this Answer.

112. Defendants admit that Plaintiff seeks punitive damages in the first sentence of Paragraph 108 of Plaintiff's Complaint but deny that she is entitled to the relief she seeks. Defendants deny the allegations in the second sentence of Paragraph 108.

113. Defendants deny the allegations in Paragraph 109 of Plaintiff's Complaint.

114. Defendants deny the allegations in Paragraph 110 of Plaintiff's Complaint.

115. Defendants admit that Plaintiff requests a jury trial.

116. Defendants deny that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of her Complaint.

## Defenses and Affirmative Defenses

117. Defendants demand a jury trial.

118. Defendants deny each and every allegation in the Complaint that is not specifically admitted herein.

119. Defendants state affirmatively that Plaintiff's rights were not violated and that Defendants did not violate the rights of any person as alleged.

120. Defendants state affirmatively that the Complaint, or portions thereof, should be dismissed pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief may be granted.

121. Defendants are entitled to tort, qualified, and punitive damages immunity under all applicable doctrines of immunity pursuant to State and federal law, including but not limited to the Eleventh Amendment to the U.S. Constitution, Ark. Const. art. 5 § 20, Ark. Code Ann. §§ 19-10-305 and 21-9-301, and pursuant to the Uniform Act on Fresh Pursuit adopted in Arkansas.

122. Without waiving the statutory immunity from tort liability that the Defendants enjoy, assuming *arguendo* Plaintiff is permitted by the Court to state any tort or negligence cause of action, Defendants would show that the actions of the Plaintiff were the sole, proximate, and direct cause of Plaintiff's injuries and any damages Plaintiff claims she suffered and, as a result, Plaintiff is barred from recovery on the theories of proximate cause, contributory negligence, and/or comparative fault.

123. Defendants affirmatively state that punitive damages are not recoverable against State actors who are sued in their official capacities.

124. Defendants affirmatively state that Plaintiff's Complaint fails to state facts to support an award of punitive damages against Trooper Dunn in his individual capacity.

125. Defendants assert all affirmative defenses listed in Ark. R. Civ. P. 8(c) to the extent deemed applicable.

126. Defendants assert lack of standing as deemed applicable.

127. Defendants assert justification and privilege as affirmative defenses.

128. Defendants assert that Plaintiff lacks a private right of action for alleged violations of criminal statutes.

129. The official-capacity defendants expressly deny that they can be held liable to the Plaintiff under the theory of *respondeat superior.*

130. Defendants state affirmatively that Trooper Dunn's conduct was objectively reasonable as a matter of law pursuant to *Moore-Jones v. Quick*, 909 F.3d 983 (8th Cir. 2018).

131. Defendant Dunn in his individual capacity affirmatively pleads qualified and good faith immunities, and would show the Court that any and all actions taken were based upon probable cause and reasonable cause, were those of an objectively reasonable officer, and were in accordance with the U.S. Constitution and state law.

132. Defendants reserve the right to amend this Answer and to assert additional defenses and affirmative defenses that discovery may reveal to be appropriate.

WHEREFORE, Defendants Rodney K. Dunn, individually and in his official capacity as an Arkansas State Trooper, Alan C. Johnson, in his official capacity as an Arkansas State Trooper, and Colonel William J. Bryant, in his official capacity as Director of the Arkansas State Police, pray that the Court dismiss Plaintiff's Complaint and for all other relief to which they may be entitled.

Respectfully Submitted,

LESLIE RUTLEDGE
Attorney General

By: */s/ Jennifer L. Merritt*
    JENNIFER L. MERRITT (2002148)
    Senior Assistant Attorney General
    323 Center Street, Suite 200
    Little Rock, Arkansas  72201
    Tel:  (501) 682-1319
    Fax: (501) 682-2591
    Jennifer.Merritt@ArkansasAG.gov

*Attorneys for Defendants Dunn, Johnson, and Bryant*

## **CERTIFICATE OF SERVICE**

I, Jennifer L. Merritt, Senior Assistant Attorney General, do hereby certify that on June 23, 2021, I electronically filed the foregoing with the Clerk of Court using the eFlex electronic filing system, which shall send notification of the filing to any participants.

*/s/ Jennifer L. Merritt*
Jennifer L. Merritt